IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON

**SHAWN R. WEARS,**

  **Plaintiff,**

**v.**            **CASE NO. 2:07-cv-00323**

**MICHAEL J. ASTRUE,**
**Commissioner of Social Security,**

  **Defendant.**

**PROPOSED FINDINGS AND RECOMMENDATION**

  This is an action seeking review of the final decision of the Commissioner of Social Security denying the Plaintiff's application for disability insurance benefits ("DIB") and supplemental security income ("SSI"), under Titles II and XVI of the Social Security Act, 42 U.S.C. §§ 401-433, 1381-1383f.  By standing order, this case was referred to this United States Magistrate Judge to consider the pleadings and evidence, and to submit proposed findings of fact and recommendation for disposition, all pursuant to 28 U.S.C. § 636(b)(1)(B).  Presently pending before the court are Plaintiff's Motion for Judgment on the Pleadings and Defendant's Brief for Judgment on the Pleadings.[1]

  Plaintiff, Shawn Ray Wears (hereinafter referred to as

---

[1] The court reminds the parties that pursuant to Local Rule of Civil Procedure 9.4(a), the parties need not file motions in support of judgment on the pleadings.  Instead, Plaintiff should file "a brief in support of the complaint," while Defendant files "a brief in support of the defendant's decision."  Local Rules of the United States District Court for the Southern District of West Virginia, Local Rule of Civil Procedure 9.4(a).

"Claimant"), protectively filed applications for SSI and DIB on November 12, 2004, alleging disability as of November 7, 2004, due to a left leg injury, obesity and depression. (Tr. at 56-59, 60-62, 86.) The claims were denied initially and upon reconsideration. (Tr. at 13.) On July 10, 2005, Claimant requested a hearing before an Administrative Law Judge ("ALJ"). (Tr. at 38.) The hearing was held on November 1, 2006, before the Honorable Harry C. Taylor, II. (Tr. at 192-227.) By decision dated November 22, 2006, the ALJ determined that Claimant was not entitled to benefits. (Tr. at 13-21.) The ALJ's decision became the final decision of the Commissioner on March 26, 2007, when the Appeals Council denied Claimant's request for review. (Tr. at 3-6.) On May 21, 2007, Claimant brought the present action seeking judicial review of the administrative decision pursuant to 42 U.S.C. § 405(g).

Under 42 U.S.C. § 423(d)(5) and § 1382c(a)(3)(H)(i), a claimant for disability benefits has the burden of proving a disability. See Blalock v. Richardson, 483 F.2d 773, 774 (4th Cir. 1972). A disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable impairment which can be expected to last for a continuous period of not less than 12 months . . . ." 42 U.S.C. § 423(d)(1)(A).

The Social Security Regulations establish a "sequential

evaluation" for the adjudication of disability claims. 20 C.F.R. §§ 404.1520, 416.920 (2006). If an individual is found "not disabled" at any step, further inquiry is unnecessary. Id. §§ 404.1520(a), 416.920(a). The first inquiry under the sequence is whether a claimant is currently engaged in substantial gainful employment. Id. §§ 404.1520(b), 416.920(b). If the claimant is not, the second inquiry is whether claimant suffers from a severe impairment. Id. §§ 404.1520(c), 416.920(c). If a severe impairment is present, the third inquiry is whether such impairment meets or equals any of the impairments listed in Appendix 1 to Subpart P of the Administrative Regulations No. 4. Id. §§ 404.1520(d), 416.920(d). If it does, the claimant is found disabled and awarded benefits. Id. If it does not, the fourth inquiry is whether the claimant's impairments prevent the performance of past relevant work. Id. §§ 404.1520(e), 416.920(e). By satisfying inquiry four, the claimant establishes a prima facie case of disability. Hall v. Harris, 658 F.2d 260, 264 (4th Cir. 1981). The burden then shifts to the Commissioner, McLain v. Schweiker, 715 F.2d 866, 868-69 (4th Cir. 1983), and leads to the fifth and final inquiry: whether the claimant is able to perform other forms of substantial gainful activity, considering claimant's remaining physical and mental capacities and claimant's age, education and prior work experience. 20 C.F.R. §§ 404.1520(f), 416.920(f) (2006). The Commissioner must show two things: (1) that

the claimant, considering claimant's age, education, work experience, skills and physical shortcomings, has the capacity to perform an alternative job, and (2) that this specific job exists in the national economy. McLamore v. Weinberger, 538 F.2d 572, 574 (4th Cir. 1976).

In this particular case, the ALJ determined that Claimant satisfied the first inquiry because he has not engaged in substantial gainful activity since the alleged onset date. (Tr. at 15.) Under the second inquiry, the ALJ found that Claimant suffers from the severe impairments of obesity and stasis/venous ulcer on the left leg. (Tr. at 15.) At the third inquiry, the ALJ concluded that Claimant's impairments do not meet or equal the level of severity of any listing in Appendix 1. (Tr. at 16.) The ALJ then found that Claimant has a residual functional capacity for sedentary work, reduced by nonexertional limitations. (Tr. at 17.) As a result, Claimant cannot return to his past relevant work. (Tr. at 19.) Nevertheless, the ALJ concluded that Claimant could perform jobs such as charge account clerk, assembly worker and surveillance system monitor, which exist in significant numbers in the national economy. (Tr. at 20.) On this basis, benefits were denied. (Tr. at 21.)

Scope of Review

The sole issue before this court is whether the final decision of the Commissioner denying the claim is supported by substantial

evidence.  In <u>Blalock v. Richardson</u>, substantial evidence was defined as

> "evidence which a reasoning mind would accept as sufficient to support a particular conclusion. It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance. If there is evidence to justify a refusal to direct a verdict were the case before a jury, then there is 'substantial evidence.'"

<u>Blalock v. Richardson</u>, 483 F.2d 773, 776 (4th Cir. 1972) (quoting <u>Laws v. Cellebreze</u>, 368 F.2d 640, 642 (4th Cir. 1966)). Additionally, the Commissioner, not the court, is charged with resolving conflicts in the evidence.  <u>Hays v. Sullivan</u>, 907 F.2d 1453, 1456 (4th Cir. 1990).  Nevertheless, the courts "must not abdicate their traditional functions; they cannot escape their duty to scrutinize the record as a whole to determine whether the conclusions reached are rational."  <u>Oppenheim v. Finch</u>, 495 F.2d 396, 397 (4th Cir. 1974).

A careful review of the record reveals the decision of the Commissioner is supported by substantial evidence.

<u>Claimant's Background</u>

Claimant was twenty-eight years old at the time of the administrative hearing.  (Tr. at 196.) Claimant testified that he weighed 460 pounds and was six feet, one inch tall.  (Tr. at 196.) Claimant graduated from high school and received vocational training after high school.  (Tr. at 197-98.)  Claimant was working at the time of the administrative hearing as a part-time gas

station cashier, but the ALJ determined this was not substantial gainful activity. (Tr. at 15, 199, 202.) In the past, Claimant also worked as a tractor trailer driver, a laborer for a landscaping company, and as a warehouse worker. (Tr. at 200.)

<u>The Medical Record</u>

The court has reviewed all evidence of record, including the medical evidence of record, and will summarize it briefly below.

The record includes treatment notes from Healthcare of Leon/Buffalo, dated December 12, 2003, and October 25, 2004. On December 12, 2003, Claimant, who weighed 350 pounds, was diagnosed with morbid obesity and instructed to lose weight. (Tr. at 140.) On October 25, 2004, Claimant weighed 425 pounds. His right leg was swollen from an injury sustained in 1995. Claimant was diagnosed with a leg wound. (Tr. at 141.)

On November 11, 2004, Claimant reported to the emergency room with complaints of a left leg wound that was draining and swelling. Claimant reported he had had an ulceration on his left lower extremity for about eight years. Shane Bowen, M.D. diagnosed recurrent stasis ulcer, left lower extremity, obesity and tobacco abuse. (Tr. at 143.) Progress notes indicate Claimant's leg was slowly healing. (Tr. at 147.)

On February 6, 2005, Elizabeth Durham, M.A. examined Claimant at the request of the State disability determination service. Claimant reported he was six feet, two inches tall and weighed 420

pounds.  (Tr. at 152.)  Ms. Durham made no Axis I or Axis II diagnosis.  (Tr. at 153.)

On February 17, 2005, a State agency medical source completed a Psychiatric Review Technique form and opined that Claimant had no medically determinable mental impairment.  (Tr. at 156-69.)  A second State agency source affirmed this finding on May 25, 2005.  (Tr. at 156.)

On January 10, 2005, a State agency medical source completed a Physical Residual Functional Capacity Assessment and opined that Claimant was limited to sedentary work, with an ability to stand and/or walk at least two hours in an eight-hour workday, sit about six hours in an eight-hour workday, occasionally climb, balance, stoop, kneel, crouch and crawl and avoid concentrated exposure to extreme cold and vibration.  (Tr. at 171-78.)  The source further stated that Claimant could "stand and walk no more than 2 hours per 8 hour day."  (Tr. at 172.)  A second State agency source affirmed this finding on May 25, 2005.  (Tr. at 178.)

On February 18, 2005, Claimant reported to the emergency room complaining of rectal bleeding.  (Tr. at 180-81.)

On April 15, 2005, Claimant underwent a cystometrogram and cystoscopy for complaints of urinary incontinence. Both procedures yielded normal results.  (Tr. at 184.)

Claimant underwent x-rays of the lumbar and thoracic spine on June 30, 2005. The lumbar spine was normal.  There were early

degenerative changes in the dorsal spine. There was some suggestion of early degenerative arthritic change in the sacroiliac joint bilaterally. (Tr. at 185.)

Claimant's Challenges to the Commissioner's Decision

Claimant asserts that the Commissioner's decision is not supported by substantial evidence because (1) the ALJ failed to apply Social Security Ruling ("SSR") 02-01p in evaluating the severity of Claimant's extreme obesity; (2) the ALJ erred in evaluating Claimant's subjective complaints; and (3) the ALJ failed to afford proper weight to the opinions of Claimant's physicians. (Pl.'s Br. at 5-15.)

The Commissioner argues that (1) substantial evidence supports the ALJ's consideration of Claimant's obesity; and (2) substantial evidence supports the ALJ's credibility determination. (Def.'s Br. at 7-14.)

The court proposes that the presiding District Judge find that the ALJ adequately complied with SSR 02-01p in considering Claimant's obesity. As Claimant notes in his brief, SSR 02-01p states that the Commissioner will consider obesity in the sequential evaluation process. SSR 02-01p, 2000 WL 628049 (Sept. 12, 2002). In particular, SSR 02-01p directs that the Commissioner

> will consider obesity in determining whether:
>
> • The individual has a medically determinable impairment. See question 4.
> • The individual's impairment(s) is severe. See question

> 6.
> • The individual's impairment(s) meets or equals the requirements of a listed impairment in the listings. See question 7. ***
> • The individual's impairment(s) prevents him or her from doing past relevant work and other work that exists in significant numbers in the national economy. However, these steps apply only in title II and adult title XVI cases. See questions 8 and 9.

Id. at *3.

In his decision, at step two of the sequential analysis, the ALJ found that Claimant's obesity was a severe impairment, along with his status/venous ulcer on the left leg. (Tr. at 15.) At step three of the sequential analysis, the ALJ stated that he evaluated Claimant's

> obesity under multiple listing[s]. As indicated in SSR 02-1p, obesity may have an adverse impact upon co-existing impairments. These considerations have been taken into account not only in determining whether the claimant has an impairment that is severe but also in reaching all conclusions herein. After review of the record, including considering the impact of obesity, the claimant has no impairment that meets or equals a listing.

(Tr. at 17.)

At step four of the sequential analysis, the ALJ also properly considered Claimant's obesity. The ALJ found that Claimant, who is twenty-six years old and has only one other severe impairment (stasis/venous ulcer on the left leg), was limited to sedentary work with an ability to stand or walk for a total of at least two hours in an eight-hour workday, an ability to sit for six hours in an eight-hour workday with normal breaks, an occasional ability to

climb, balance, stoop, kneel, crouch and crawl and a need to avoid concentrated exposure to extreme cold and heat, vibration, machinery and heights. (Tr. at 17.) In making this finding, the ALJ relied on the State agency medical sources of record, both of whom noted Claimant's diagnoses of stasis/venous ulcers in the left leg and morbid obesity in finding Claimant limited to sedentary work, further limited by various nonexertional limitations. (Tr. at 171-77.) In addition to the limitations found by these sources, the ALJ further limited Claimant's residual functional capacity by finding he should avoid concentrated exposure to machinery and heights. (Tr. at 19.) In short, the ALJ's decision reflects careful consideration of Claimant's obesity in compliance with SSR 02-01p, and his findings regarding Claimant's residual functional capacity are supported by substantial evidence.

The court further proposes that the presiding District Judge find that the ALJ properly considered Claimant's subjective complaints, and his findings are in keeping with the applicable regulations at 20 C.F.R. § 404.1529(b) and 416.929(b) (2006) and SSR 96-7p, 1996 WL 374186 (July 2, 1996). In his decision, the ALJ found that Claimant had produced evidence of an impairment that could reasonably be expected to cause the pain alleged. (Tr. at 17-18.) The ALJ proceeded to the second step of the pain analysis, and his decision contains a thorough consideration of Claimant's daily activities, the location, duration, frequency, and intensity

10

of Claimant's pain and other symptoms, precipitating and aggravating factors, Claimant's medication and side effects and treatment other than medication. (Tr. at 17-18.) Notably, the ALJ considered Claimant's subjective complaints related to his obesity, including that Claimant is easily fatigued because of his weight. (Tr. at 17.)

The ALJ determined that Claimant's subjective complaints were not entirely credible, relying in part on the lack of objective medical evidence supporting Claimant's complaints, that Claimant has pursued minimal medical treatment for his conditions, and Claimant has never taken prescription medication for his pain. Regarding Claimant's daily activities, the ALJ noted inconsistencies between Claimant's testimony that he engaged in minimal activities of daily living, and his statement to Ms. Durham that he completes personal hygiene daily, cooks weekly and cleans weekly. (Tr. at 18.) While Claimant may disagree with the conclusions reached by the ALJ, the ALJ's findings are in keeping with the regulations and SSR and are supported by substantial evidence.

The court proposes that the presiding District Judge find that substantial evidence supports the ALJ's weighing of medical evidence. Although Claimant asserts that the ALJ failed to accord adequate weight to the opinion of Claimant's physicians, he does not cite to which source he refers. No treating or examining

11

source of record ever opined that Claimant could not work, or that he suffered significant limitations. The State agency sources found limitations as outlined above, and the ALJ explained that he afforded great weight to these opinions. (Tr. at 19.) While Claimant complains that he could not afford treatment, Claimant underwent two consultative examinations (one mental and one physical) at the request of the State disability determination service, and neither revealed significant physical or mental impairments.

Claimant asserts that there is some ambiguity related to the statement of the State agency sources that Claimant can stand and/or walk at least two hours in an eight-hour workday and stand and/or walk no more than two hours in an eight-hour workday. (Pl.'s Br. at 12.) The court finds no ambiguity, and notes that the vocational expert testified that even with such a limitation, there were still jobs Claimant could perform. (Tr. at 223-25.)

Thus, the ALJ adequately complied with the regulations at 20 C.F.R. §§ 404.1527(d) and 416.927(d) (2006), related to the weighing of medical opinions, and his findings are supported by substantial evidence.

For the reasons set forth above, it is hereby respectfully RECOMMENDED that the presiding District Judge DENY Plaintiff's Motion for Judgment on the Pleadings, AFFIRM the final decision of the Commissioner and DISMISS this matter from the court's docket.

The parties are notified that this Proposed Findings and Recommendation is hereby FILED, and a copy will be submitted to the Honorable John T. Copenhaver, Jr.  Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(e) and 72(b), Federal Rules of Civil Procedure, the parties shall have ten days (filing of objections) and then three days (mailing/service) from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection.  Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.  Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155 (1985); Wright v. Collins, 766 F.2d 841, 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984).  Copies of such objections shall be served on opposing parties, Judge Copenhaver, and this Magistrate Judge.

The Clerk is directed to file this Proposed Findings and Recommendation and to transmit it to counsel of record.

  July 1, 2008                                                        _/s/ Mary E. Stanley_
      Date                                                              Mary E. Stanley
                                                                    United States Magistrate Judge